496 S.E.2d 167

**Christopher SANDY, s/k/a Christopher E. Sandy, Appellant,**

**v.**

**COMMONWEALTH of Virginia, Appellee.**

**Record No. 2458–95–2.**

Court of Appeals of Virginia.

Feb. 24, 1998.

Gordon A. Wilkins (Wilkins & Davison, on brief), Warsaw, for appellant.

Thomas D. Bagwell, Senior Assistant Attorney General (Richard Cullen, Attorney General, on briefs), for appellee.

Present: FITZPATRICK, C.J.,* and BAKER, BENTON, COLEMAN, MOON,** WILLIS, ELDER, ANNUNZIATA and OVERTON, JJ.

---

* On November 19, 1997, Judge Fitzpatrick succeeded Judge Moon as chief judge.

** Chief Judge Moon retired from the Court prior to the rendition and release of this order and did not participate in the decision.

UPON A REHEARING EN BANC

On June 10, 1997, a panel of this Court held that the Commonwealth had breached the terms of a plea agreement on which the defendant had relied to his detriment by "fully answer[ing] any questions which were posed to him by [the Commonwealth's Attorney]." *See Sandy v. Commonwealth,* 25 Va.App. 1, 486 S.E.2d 102 (1997). Based on that holding, the panel reversed the defendant's seven felony convictions and remanded the case to the trial court, with instructions requiring the Commonwealth to specifically perform its promises in the plea agreement, which were to move to amend certain charges, drop others, and recommend sentences on the amended charges. We granted a rehearing *en banc* from the panel's decision and stayed the mandate. Upon rehearing *en banc,* the stay of this Court's June 10, 1997 mandate is lifted and we reverse the trial court for the reasons set forth in the panel decision, which we adopt, *see id.,* and we vacate the conviction orders and remand the case to the trial court.

To the extent the panel opinion may not have explicitly set forth the procedure for the trial court to follow on remand, we provide the following direction: On remand, the Commonwealth's Attorney shall make a good faith motion in accordance with the terms of the plea agreement to amend seven of the thirty-two felony charges to petit larceny, to dismiss or *nolle prosequi* the remaining charges, and, subject to the trial judge's acceptance of the Commonwealth's motions and the defendant's election to plead guilty thereto, to recommend fines of no more than $500 and concurrent six-month jail terms for each petit larceny conviction. On remand, a trial judge other than the judge who previously heard the case and held the agreement to be "invalid" shall be designated to consider whether to accept or reject the Commonwealth's motions, unless the parties agree otherwise. *See* Rule 3A:8(c)(4).

"There is, of course, no absolute right to have a guilty plea accepted. A court may reject a plea in the exercise of sound judicial discretion." *Santobello v. New York,* 404 U.S. 257,

262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). *See Sandy,* 25 Va.App. at 12 n. 2, 486 S.E.2d at 108 n. 2; Rule 3A:8(c)(2); *Holler v. Commonwealth,* 220 Va. 961, 968, 265 S.E.2d 715, 719 (1980). If, on remand, the trial court conditionally accepts the Commonwealth's Attorney's recommendations to amend and *nolle prosequi* the various charges, the defendant shall be arraigned and afforded the opportunity to plead thereto, with the defendant being informed that the trial court is not required to accept the Commonwealth's recommendation for $500 fines and concurrent six-month jail sentences. *See* Rule 3A:8(c)(1)(B). In the event the trial court rejects the Commonwealth's Attorney's motions to amend and *nolle prosequi* the charges pursuant to the plea agreement or the defendant elects to plead not guilty, the Commonwealth shall retry the defendant, if it be so advised, and shall do so before a judge other than the one who may have rejected the plea agreement, unless the parties agree otherwise as provided by Rule 3A:8(c).

Chief Judge Fitzpatrick and Judge Baker dissent from the majority holding and would affirm the trial court's ruling that on the record "there was no agreement between the Commonwealth and the defendant that should be enforced."

This order shall be published and certified to the trial court.